In the Matter of JOINT DITCH NO. 202, FARIBAULT AND MARTIN COUNTIES, Minnesota.

Esther MITTELSTADT, et al., Appellants,

v.

COUNTY OF FARIBAULT, et al., Respondents.

No. 47077.

Supreme Court of Minnesota.

Aug. 5, 1977.

Johnson, Berens & Wilson, Newton A. Johnson, Fairmont, Putnam, Spencer & Johnson, and Eldon J. Spencer, Blue Earth, for appellants.

Frundt, Frundt & Johnson, John H. Frundt, and Michael D. Johnson, Blue Earth, for respondents.

Heard before PETERSON, MacLAUGHLIN and PLUNKETT, JJ., and considered and decided by the court en banc.

J. JEROME PLUNKETT, Justice.*

This is an appeal from a ditch proceeding wherein the district court upheld an order of the new joint county ditch authority for Faribault and Martin Counties relating to improvement of Joint Ditch No. 202. There being no error in the ditch proceedings, we affirm.

In August 1972, a petition for the improvement of a part of Judicial Ditch No. 12, located in Faribault and Martin Counties, was filed in the county auditor's office of Faribault County. The petition was addressed to the county boards of Faribault and Martin Counties. The counties purported to create a joint county ditch authority (ditch authority), which proceeded to order the improvements requested in the petition. Objections were made to the proceedings, and an appeal was made to the district court. By order dated June 7, 1974, the district court dismissed the proceedings on the ground that the ditch authority had never acquired jurisdiction over Judicial Ditch No. 12.

Thereafter, the counties of Faribault and Martin began a new proceeding to transfer jurisdiction over Judicial Ditch No. 12 to a new ditch authority. The district court on November 6, 1974, established a new ditch authority of Faribault and Martin Counties, which duly acquired jurisdiction over former Judicial Ditch No. 12, now Joint County Ditch No. 202 of Faribault and Martin Counties. Acting upon the existing petition of August 1972, the new ditch authority appointed an engineer, held a hearing, and made a final order dated February 9, 1976, establishing the improvement. The district court, upon appeal, affirmed the new ditch

authority's order, and an appeal was made to this court.

There is only one issue upon appeal. Appellants contend that the new ditch authority had no power to act upon the petition of August 1972, because the order of the district court setting aside the original ditch authority rendered the petition inoperative. In essence, appellants contend that a new petition was needed before the new ditch authority could act.

Appellants admit that the original petition was proper in all respects and met all conditions required by Minn.St. 106.031, and that the petition was filed in the proper county.

Prior to July 1, 1971, if a drainage ditch existed in more than one county, it was administered by the district court and was known as a judicial ditch. Minn.St. 106.015, subd. 5, provides that any judicial ditch that existed on June 30, 1971, could be changed to a joint county ditch. Judicial Ditch No. 12 was in existence on June 30, 1971, and for many years prior thereto.

There appears to be no logical or legal basis to declare the original petition to be void and inoperative solely because the original ditch authority was set aside. The district court order setting aside the original ditch authority only declared the authority to be invalidly constituted; it did not declare the petition to be inoperative. The petition was proper in all respects, and no one has alleged any prejudice by action upon the original petition. Appellants admit that a new petition, identical in all respects, would be valid. To accept the appellants' position would be a triumph of technicalities over substance, and therefore the order of the district court is affirmed.

Affirmed.

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.